IN THE UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **In the Matter of:** ) | |
| ) | |
| **Michael W. Davidson** ) | |
| **SSN: XXX-XX-3867** ) | **CASE NO. 18-82270-CRJ11** |
| ) | |
| **Debtor.** ) | **CHAPTER 11** |
| ) | |

## CHAPTER 11 PLAN DATED NOVEMBER 21, 2018

In accordance with 11 U.S.C. § 1127, Michael W. Davidson, Debtor and Debtor-in-Possession ("Debtor") in the above captioned Chapter 11 case files this Plan of Liquidation Dated November 21, 2018 ("Plan"), in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division ("Bankruptcy Court" or "Court").

## I.
## DEFINITIONS

The following terms shall have the following meanings unless the context otherwise requires and, unless otherwise indicated, the singular shall include the plural. The definitions contained in Sections 101 and 1101 of the Bankruptcy Code shall control unless different definitions are stated herein, in which case the definitions as stated herein shall control for purposes of this Plan.

**1.01** "**Accounting Fees**" means accounting and/or administrative management fees for preparing tax returns and other financial reports.

**1.02** "**Administrative Expense Claim**" means a Claim for any cost or expense of administration of the Reorganization Case allowed under § 503(b) of the Bankruptcy Code, including without limitation any Claim for the actual and necessary costs and expenses of preserving the Debtor's estate and all allowances of compensation or reimbursement of

expenses to the extent allowed by the Bankruptcy Court.

1.03 "**Allowed Amount**" means the amount of any Allowed Claim.

1.04 "**Allowed Claim**" means:

(A) Any Claim in any Class:

    (i) proof of which has been filed with the Bankruptcy Court prior to the Bar Date, or which has been scheduled by the Debtor and not shown as disputed, contingent, or unliquidated; and

    (ii) to which no objection has been made within the Disclosure Statement or to which no objection is filed no later than thirty (30) days after the Effective Date or which has been allowed by Final Order; or

(B) Any Administrative Claim for which a motion or fee application has been filed and approved by the Court.

1.05 "**Allowed Secured Claim**" means a Claim that is both an Allowed Claim and a Secured Claim.

1.06 "**Allowed Unsecured Claim**" means a Claim that is both an Allowed Claim and an Unsecured Claim.

1.07 "**Bankruptcy Code or Code**" means Title 11 of the United States Code.

1.08 "**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Alabama, Northern Division.

1.09 "**Bankruptcy Rule**" or "**Bankruptcy Rules**" means one or more of the Federal Rules of Bankruptcy Procedure.

1.10 "**Bar Date**" means the date established by the Court as the deadline for filing all Claims. The Court scheduled October 26, 2018, as the Bar Date for all claimants to file proofs of

claim, including governmental units and/or agencies. Claims filed after the Bar Date, which are not otherwise Allowed Claims, will be disallowed and of no effect.

1.11 "**Claim**" means a claim or interest as defined by the Code.

1.12 "**Class**" means one of the classes of Allowed Claims or equity interests established by the Plan.

1.13 "**Confirmation Date**" means the date on which the Court pursuant to § 1129 of the Bankruptcy Code enters the Confirmation Order.

1.14 "**Confirmation Order**" means the Final Non-Appealable Order of the Court determining that the Plan meets the requirements of the Bankruptcy Code and is entitled to confirmation.

1.15 "**Debtor**" means Michael W. Davidson.

1.16 "**Effective Date**" means the date on which the Confirmation Order becomes a Final Order.

1.17 "**Filing Date**" with respect to the Debtor means July 31, 2018, the date on which the Chapter 11 Case was commenced.

1.18 "**Final Decree**" means the Order entered by the Bankruptcy Court which closes the case.

1.19 "**Final Order**" means:

A. An order of the Court that has become conclusive of all matters adjudicated by such order and:

(i) that is not the subject of a pending appeal and for which the time to appeal or seek review or rehearing of such order has expired, or

(ii) that is the subject of a pending appeal but has not been stayed or as to which no supersedeas bond has been posted.

1.20 "**IRS**" means the Internal Revenue Service.

**1.21** **"Plan"** means this Plan of Reorganization and any subsequent amendments.

**1.22** **"Post-Petition"** means the Filing Date and the period after the Filing Date.

**1.23** **"Pre-Petition"** means the period preceding the Filing Date.

**1.24** **"Priority Claim"** means those expenses and claims which may be provided for under 11 U.S.C. § 507 of the Code.

**1.25** **"Proponent"** means Debtor.

**1.26** **"Pro-rata Share"** means the same proportions that a given Allowed Claim within a Class bears to the total Allowed Claim of such Class.

**1.27** **"Reorganization Case"** with respect to the Debtor means the reorganization case under Chapter 11 of the Bankruptcy Code commenced by the Debtor on or about July 31, 2018, and pending in the Bankruptcy Court under Case No. 18-82270-CRJ11.

**1.28** **"Secured Claim"** means a Claim allowed as secured in the real or personal property of Debtor.

**1.29** **"Unsecured Claim"** means an allowed Claim other than an Administrative Expense Claim, Priority Claim, or a Secured Claim.

## II.
## CLASSES AND CLASSIFICATIONS OF CLAIMS AND INTEREST

**1.0** **Secured Claims:**

    **1.01** **Redstone Federal Credit Union**: This Class consists of the Allowed Secured Claim of Redstone Federal Credit Union and is impaired.

    **1.02** **Lincoln Automotive Financial Services**: This Class consists of the Allowed Secured Claim which is impaired.

**2.0** **Non-Priority General Unsecured Claims.**: This Class consists of all Allowed Unsecured Claims all of which are impaired.

**3.0** **Interest Holder:** This class consists of the claim of Michael W. Davidson as the Debtor and Debtor in Possession.

4

## III.
## IMPAIRMENT AND TREATMENT OF CLAIMS UNDER THE PLAN

The Plan will be summarized by incorporation of pertinent portions. Other provisions of the Plan are extremely important, especially Article I, Definitions. The Plan should be read in full.

**Secured Claims:**

**1.01** **Redstone Federal Credit Union**: This Class consists of the Allowed Secured Claim of Redstone Federal Credit Union ("RCFU") in the amount of $142,565.41 and is impaired. The Debtor is indebted to RCFU pursuant to a note and mortgage on real property located at 130 Shady Lane Langston, Alabama. The Debtor owns a one-half interest in this property. Pursuant to the Debtor's plan, he intends on selling his interest in this property via a public or private sale as approved by the United States Bankruptcy Court. Those proceeds will be first applied to pay off the debt owed to RFCU and the remainder will be used pursuant to this plan.

**1.02** **Lincoln Automotive Financial Services**: This Class consists of the Allowed Secured Claim in the amount of $57,970 held by Lincoln Automotive Financial Services ("Lincoln"), which is impaired. The Debtor is indebted to Lincoln pursuant to a vehicle loan for a 2017 Lincoln Navigator. Post-petition this Court approved the Debtor's monthly payment to Lincoln in the amount of $1,017.03 beginning in August, 2018 [Doc. 48]. This payment includes interest at the contract rate of 0.00%. Debtor will continue to pay this debt pursuant to the terms of this Court's prior Order until the debt is paid in full. Debtor estimates that the payment period is approximately 52 months. This creditor will retain its lien upon this collateral until such time as the debt is paid in full.

**2.0** **Non-Priority General Unsecured Claims**: This class consists of all allowed general unsecured claims which are impaired. The total amount of unsecured claims exceeds $1,857,621.42. The claims are of every kind and nature including claims arising from personal

5

guarantees, the rejection of executory contracts, unexpired lease claims, deficiencies on secured claims, contract damage claims or open account claims, unsecured tax claims, and damages arising from or related to any liquidated or contingent claim. It also includes any debt which is filed as a priority or secured claim but, which is allowed as an unsecured claim by the Bankruptcy Court. Holders of general unsecured claims without priority which are Allowed Claims as determined on or before the Effective Date of the Plan shall be paid on a pro-rata distribution, from the pool of funds created from the sale of the Debtor's assets.

**3.0 Interest Holder:** This class consists of the claim of Michael W. Davidson as the Debtor and Debtor in Possession. Mr. Davidson will not receive a distribution based on his Claim under the Plan until allowed claims in Classes 1 and 2 have been paid or are otherwise satisfied as provided for herein.

## IV.
## TREATMENT OF UNCLASSIFIED ADMINISTRATIVE EXPENSES AND PRIORITY TAX CLAIMS

**Administrative Expense Claims:**

**4.1** **Heard, Ary& Dauro, LLC:** This Administrative Expense Claim is unimpaired and shall be paid in full as of the Effective Date of the Plan or as otherwise agreed to by the parties.

**4.2 Wolfe, Jones, Wolfe, Hancock, Daniel & South, L.L.C**: This Administrative Expense Claim is unimpaired and shall be paid in full as of the Effective Date of the Plan or as otherwise agreed to by the parties.

**Priority claims:  The Debtor has not scheduled any claims entitled to Priority under 11 U.S.C. 507.**

## V.
## PROVISIONS FOR REJECTION AND ASSUMPTIONOF EXECUTORY CONTRACTS

6

Debtor is not aware of any executory contracts or unexpired leases to which he is a party. To the extent such exists it is to be rejected upon confirmation. All parties to any executory contract or lease rejected shall have thirty (30) days from the Confirmation Date in which to file a claim for damages, if any, resulting from such rejection or such claims will be disallowed and will not be eligible to participate in distributions under this Plan.

## VI.
## MEANS OF EXECUTION OF THE PLAN

**6.01** **Means of Implementation of the Plan.** Debtor will implement the terms of his Plan by selling those assets set forth below. The method of sale includes sale by private or public sale. For instance, the Debtor has filed a Motion for authority to sell the real property located at 2616 Memorial Parkway Huntsville, Alabama for $250,000 via a private sale. Because the Debtor jointly owns the majority of his real property with Dean Hudson, it is anticipated that Mr. Hudson is a potential purchaser. The process of each sale involves the valuation of each property to ensure that the property is being sold for the highest attainable price. The time within which all sales are to be completed is unknown at this point. All sales are subject to the final approval of the United States Bankruptcy Court. Debtor further implement the terms of his Plan by executing all documents necessary.

| Asset | Potential Sale Price | Lien | Equity |
|---|---|---|---|
| 2616 Memorial Pkwy Huntsville AL | $250,000 | $0.00 | $250,000 |
| 2808/2828 Old RR Bed Rd. Harvest, AL (50% interest) | $500,000 | $398,000[1] | $51,000 |
| 130 Shady Lane Langston, AL (50% interest) | $500,000 | $142,565 | $178,717 |
| 53 Evans Drive Langston, AL (50% interest) | $75,000 | $0 | $37,500 |

---

[1] Debt is owed by Dean Hudson who owns the other 50% interest in this property.

| 895 Co. Rd. 614 Mentone, AL (50% interest) | $265,000 | $0 | $132,500 |
| 178 Walton Lakeshore Dr. Panama City, FL (50% int) | $3,500 | $0 | $1,750 |
| 4x4 John Deere | $4,000 | $0 | $4,000 |
| Seadoos (50% interest) | $3,500 | $0 | $1,750 |
| 2014 Boat (50% interest) | $22,500 | $0 | $11,250 |
| Trailers (50% interest) | $500 | $0 | $250 |
| | | | |

**6.02** **Execution of All Documents**. The Plan authorizes the Debtor to execute all documents necessary to carry out the terms of the Plan.

**6.03** **Objections to Claims and Allowance**. No payment or distribution shall be made to the holder of a Claim against which an objection has been filed within thirty (30) days of the Effective Date until any such objection to a Claim has been determined by Final Order of the Court. Disputed and unliquidated Claims shall be estimated for purposes of voting and unless the Court orders otherwise, payments to holders of contested claims that are subsequently allowed shall be made in accordance with the terms of the Plan. Contest of Claims shall be filed with the Court no later than sixty (60) days after the Effective Date.

**6.04** **Retention of Assets**. Except as provided for in the Plan, or in the order confirming the Plan, on the Confirmation Date, the Debtor shall be vested with all of the property of the estate, and the Debtor shall retain all property rights free and clear of all liens, charges, and other interests of the creditors.

## VII.
## MODIFICATION AND CONFIRMATION OF THE PLAN

**7.01** **Pre-Confirmation Modifications**. Debtor may propose modifications hereof at any time

8

prior to Confirmation without leave of this Court, upon such notice as may be required by this Court. If such modification is made after acceptance hereof, this Plan as so modified shall be deemed accepted by all holders of Claims and Equity Interests that have previously accepted this plan, provided that this Court finds that such modification would not materially and adversely change the treatment of the holders of Claims or Equity Interests that have not accepted such modification in writing.

**7.02** **Post-Confirmation Modifications**.

(a) Except as provided in Subsection (b) of this section, Debtor may modify this Plan after Confirmation only if this Court determines that this Plan as so modified meets all of the requirements for confirmation.

(b) Notwithstanding Subsection (a) of this section, the Debtor may modify this Plan during the period between the Confirmation Date and the "substantial consummation," provided that this Court determines only that such modification does not materially and adversely change the treatment of Claims or Equity Interests but merely remedies a defect or omission or reconciles an inconsistency in or between this Plan and/or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect hereof.

**7.03** **Effect of Confirmation.**

(a) Upon Confirmation, the provisions hereof shall bind the Debtor and each holder of a Claim whether or not (1) the Claim of such holder is impaired hereunder, or (2) such holder has accepted this plan.

(b) Except as otherwise provided herein or in the Confirmation Order, Confirmation vests all of the property of the estate in Debtor, free and clear of all Claims.

9

Case 18-82270-CRJ11   Doc 84   Filed 11/21/18   Entered 11/21/18 11:29:36   Desc Main
Document      Page 9 of 15

(c) Except as provided for in § 1141(d)(5), Confirmation discharges the Debtor from any debt that arose before the Confirmation Date and any Claim of a kind specified in §§ 502(g), 502(h), or 502(i) of the Bankruptcy Code, whether or not (1) a proof of claim is filed with respect thereto, (2) the debt appears in the schedules of liabilities filed by the Debtor, (3) the debt is allowed, or (4) the holder of such debt has accepted this Plan.

(d) Confirmation shall constitute approval or ratification by this Court of the assumption or rejection of the Debtor's executory contracts and unexpired leases pursuant to Section IV hereof.

(e) Confirmation shall constitute approval by this Court of all financing arrangements, leases, contracts, and other actions that the Debtor propose in the Disclosure Statement or herein, to enter into, make, or take in connection with implementation hereof, including the execution of any documents as of the Effective Date.

## VIII.
## DISCHARGE

Upon completion of all payments under the Plan, Debtor, **upon notice and opportunity for hearing[2],** shall receive a discharge of any and all debts of the Debtor that arose at any time before Confirmation, including but not limited to, all principal and interest, whether accrued before or after the Filing Date, pursuant to § 1141(d)(1) and (d)(5) of the Code. The discharge shall be effective as to each Claim, regardless of whether a proof of claim therefore was filed, whether the Claim is an allowed claim, or whether the holder thereof votes to accept the Plan. The rights afforded in the Plan shall be in exchange for and in complete satisfaction, discharge and release of

---

[2] As explained below § 102 of the Code provides that after notice and a hearing means after such notice as is appropriate in the particular circumstances but authorizes an act without an actual hearing if a hearing is not timely requested by a party in interest.

all Claims and interests of any nature whatsoever. All creditors shall be precluded from asserting against the Debtor or his assets or properties any claim which arises from or relates to any act, omission or transaction of any kind that occurred prior to the Confirmation Date.

## IX.
## RETENTION, ENFORCEMENT AND WAIVER OF CLAIMS

**9.1** Pursuant to § 1123(b) (3) of the Code, the Debtor shall retain and may enforce any and all claims of the Debtor except claims waived, relinquished, or released in accordance with the Plan.

**9.2** No party in interest except the Debtor shall maintain or commence an action to recover a preference as defined in § 547(b) of the Code after the Confirmation Order is entered.

**9.3** Contests of Claims shall be filed with the Court not later than thirty (30) days after the Effective Date.

## X.
## JURISDICTION OF THE COURT

**10.01** **Continuing Jurisdiction**. The Court shall retain and have exclusive jurisdiction over the Reorganization Case for the following purposes:

(a) To determine any and all objections to the allowance of Claims or Interests;

(b) To determine any and all applications for allowances of compensation and reimbursement of expenses and any other fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan;

(c) To determine any applications or motions pending on the Effective Date for the rejection, assumption, or assumption and assignment of any executory contract and to hear and determine, and if need be, to liquidate any and all Claims arising therefrom;

(d) To determine any and all applications, adversary proceedings, and contested matters that may be pending on the Effective Date;

(e) To consider any modification of this Plan, remedy any defect or omission or reconcile any inconsistency in any Order of the Court, to the extent authorized by the Court;

(f) To determine all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, or consummation of the Plan or that may involve or affect the value of assets of the Company administered by the Plan;

(g) To consider and act on the compromise and settlement of any Claim against or cause of action by or against the Debtor arising under or in connection with the Plan;

(h) To issue such orders in aid of execution of the Plan to the extent authorized by § 1142 of the Bankruptcy Code;

(i) To enforce the workout agreement;

(j) To determine such other matters as may be set forth in any order or orders confirming the Plan or which may arise in connection with the Plan or any other Order or Orders confirming the Plan.

## XI.
## MISCELLANEOUS PROVISIONS

**11.1 Prior Court Orders.** All prior orders entered by the United States Bankruptcy Court for the Northern District of Alabama are hereby incorporated by reference, including their terms, conditions, benefits, requirements and obligations.

**11.2 Cramdown.** With respect to any class not accepting the Plan, the Proponent does hereby request confirmation of the Plan pursuant to § 1129(b) of the Bankruptcy Code on the

grounds that the Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims that are impaired.

**11.3** **Quarterly Fees.** The Debtor will be making his quarterly fees to the Bankruptcy Administrator pursuant to 28 U.S.C. § 1930. Debtor will continue to make these payments as required post-petition.

**11.4** **Compliance with Tax Requirements.** In connection with the Plan, the Debtor will comply with all withholding and reporting requirements imposed by federal, state and local taxing authorities, and all distributions hereunder shall be subject to such withholding and reporting requirements.

**11.5** **Retention of Liens.** Each creditor whose claim is secured by a lien or mortgage on property of the Debtor shall retain such lien or mortgage until such creditor's claim is paid in full according to the treatment proposed under the Plan at which time the lien shall be released.

**11.6** **Employment and Payment of Professionals**.

(a) During the period between the Confirmation Date and the Effective Date, Debtor may (1) continue to avail himself of the services of professional persons whose employment was approved at or prior to Confirmation in completing the administration of this case and in the consummation and performance hereof, and (2) if necessary and with the approval of this Court, employ additional professional persons to render such services.

(b) With respect to services rendered and expenses incurred in or in connection with this case during such period by any such professional person, the professional person may render periodic billings therefore to the Debtor and the Debtor shall

13

promptly pay the same, but each such payment shall be subject to review and approval by this Court as to the reasonableness thereof in the manner prescribed by Subsection (c) of this section.

**11.7** **Notice of Hearing and Motions Post Confirmation.** Upon confirmation of the Plan, all of the motions, and applications for compensation to professionals, and notices of such hearings shall be limited to the Debtor, Bankruptcy Administrator and any party of interest directly affected by such motion or application.

**11.8** **Satisfaction of Claims.** The rights afforded in this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Allowed Claims, liens and encumbrances of any nature whatsoever, including any interest accrued thereon from and after the Filing Date, against the Debtor or any of its assets; and, except as otherwise provided herein, on Confirmation, all such Allowed Claims against the Debtor or his assets, any other or further Allowed Claim based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to Confirmation are satisfied, discharged and released.

## XII.
## CLOSING OF CASE

**12.01** **Procedure for Closing Case.** If the Court concludes that a hearing on such motion would be appropriate, such hearing shall be conducted upon notice only to the Debtor, the Bankruptcy Estate Administrator, and persons specially requesting notices at the hearing on confirmation.

Respectfully submitted on this the 21st day of November, 2018

*/s/ Michael W. Davidson*
Signature of Debtor

*/s/ Kevin D. Heard*
Kevin D. Heard
Attorney for Debtor

Of counsel:
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Phone: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of November, 2018, I served a copy of the foregoing **Debtor's Chapter 11 Plan of Reorganization Dated November 21, 2018,** on the parties listed below and on the attached matrix by depositing the same in the United States Mail, postage prepaid and properly addressed, via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard M Blythe
Richard_Blythe@alnba.uscourts.gov, courtmaildec@alnba.uscourts.gov

Richard E O'Neal, on behalf of the IRS:
Richard.O'Neal@usdoj.gov

**Notice will not be electronically mailed to:**

**All parties on the attached matrix were served via U.S. Mail.**

*/s/ Kevin D. Heard*
Kevin D. Heard